[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11177

_____

D.C. Docket No. 1:15-cv-01844-TWT

SUSAN HURST,
on behalf of herself and all others similarly situated,

Plaintiff - Appellee,

versus

MONITRONICS INTERNATIONAL, INC.,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 13, 2017)

Before WILLIAM PRYOR, JORDAN, and RIPPLE,[*] Circuit Judges.

PER CURIAM:

_____

[*] The Honorable Kenneth F. Ripple, United States Circuit Judge for the Seventh Circuit,
sitting by designation.

Monitronics International, Inc. appeals the district court's denial of its motion to compel arbitration.    With the benefit of oral argument, and following a review of the record, we affirm.  Because we write for the parties, we set out only what is necessary to explain our decision.

Susan Hurst sued Monitronics under the Telephone Consumer Protection Act, 47 U.S.C. § 227, for allegedly improper automated telephone calls.  In the district court, Monitronics claimed that it was the assignee of an agreement between Ms. Hurst and Spot Security, Inc., and asserted that it was entitled to compel arbitration of Ms. Hurst's TCPA claim based upon an arbitration clause in that agreement.  In order to demonstrate its status as an assignee of the agreement, Monitronics submitted the declaration of David Verret, its vice-president.  In his declaration, Mr. Verret stated that the agreement between Ms. Hurst and Spot was "purchased by and assigned to Monitronics on September 30, 2011," and that the assignment remained in effect during Ms. Hurst's account with Monitronics.  *See* D.E. 11-2 at ¶ 6.

The district court concluded, for a number of independent and alternative reasons, that Monitronics could not compel arbitration.  One of those reasons was that, under Georgia law, Monitronics was required to submit the written assignment of the agreement but had not, and therefore could not rely on Mr. Verret's declaration.  *See* D.E. 22 at 2–3.

In its initial brief, Monitronics does not challenge this particular ruling. This is a problem for Monitronics because when a decision is based on several different alternative grounds, an appellant who does not challenge all of those grounds cannot obtain reversal. *See Sappuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 683 (11th Cir. 2014). This alone warrants affirmance.

**AFFIRMED.**